**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5001-14T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MALIK R. SMITH,

    Defendant-Appellant.

_____

Submitted October 11, 2017 — Decided November 16, 2017

Before Judges Fuentes and Koblitz.

On appeal from Superior Court of New Jersey,
Law Division, Atlantic County, Indictment No.
03-04-0824.

Joseph E. Krakora, Public Defender, attorney
for appellant (David A. Gies, Designated
Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor,
attorney for respondent (John J. Santoliquido,
Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant appeals from a May 21, 2015 order of the court

denying his application for post-conviction relief (PCR) without

an evidentiary hearing.  We affirm substantially for the reasons set forth by Judge Mark H. Sandson in his detailed written opinion.

A jury convicted defendant of a 2003 double-murder that occurred when defendant was in the process of committing an armed robbery in a bar.  He shot and killed the bartender, who in turn shot and killed another robber.  The murder weapon was found disassembled in defendant's girlfriend's residence.  The girlfriend testified against defendant as part of her plea agreement.  Defendant was sentenced to sixty-six and one-half years in prison, fifty-one of the years to be served without parole.  We affirmed.  State v. Smith, No. A-1539-06, (App. Div. Jan. 9, 2009).  Our Supreme Court denied defendant's petition for certification, 205 N.J. 520 (2011).  We granted the appeal of his timely PCR application because "his PCR counsel ignored defendant's arguments contained in his pro se PCR brief" and did not provide the PCR judge with the complete trial transcript. State v. Smith, No. A-4371-11 (App. Div. June 19, 2014).  We remanded to the trial court, which denied relief after oral argument.

Defendant now appeals, raising the following issues:

> POINT I: THE PCR COURT ERRED WHERE IT FOUND THE DEFENDANT DID NOT ESTABLISH A PRIMA FACIE CASE THAT HE WAS DENIED A FAIR TRIAL DUE TO THE FAILURE OF TWO JURORS TO DISCLOSE DURING VOIR DIRE THEIR PRE-TRIAL KNOWLEDGE OF THE

DEFENDANT AND THE CRIME, THEREBY REQUIRING AN EVIDENTIARY HEARING.

POINT II: THE PCR COURT ERRED WHERE, WHEN DECIDING THAT THE TRIAL COURT'S EX PARTE POST-CONVICTION COMMUNICATION WITH THE JURY WAS PROCEDURALLY BARRED, IT DID NOT CONSIDER WHETHER A FUNDAMENTAL INJUSTICE RESULTED FROM THE FAILURE OF THE TWO JURORS TO DISCLOSE DURING VOIR DIRE THEIR PRETRIAL KNOWLEDGE OF THE DEFENDANT AND THE CRIME.

POINT III: THE DEFENDANT INCORPORATES HEREIN ALL OF HIS REMAINING ARGUMENTS FOR POST-CONVICTION RELIEF.

New Jersey courts follow the rule formulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984). To show ineffective assistance a defendant must identify acts or omissions showing unreasonable professional judgment, and then must show that these errors had a prejudicial effect on the conviction. State v. Fritz, 105 N.J. 42, 58 (1987). The same standards are applied to ineffective assistance of appellate counsel claims. State v. Harris, 181 N.J. 391, 518 (2004).

In reviewing claims of ineffective assistance of counsel, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, supra, 466 U.S. at 690, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695. "[C]omplaints 'merely of matters of trial strategy' will not serve

to ground a constitutional claim of inadequacy . . . ." Fritz, supra, 105 N.J. at 54 (quoting State v. Williams, 39 N.J. 471, 489, cert. denied, 374 U.S. 855, 83 S. Ct. 1924, 10 L. Ed. 2d 1075 (1963), overruled in part on other grounds by, State v. Czachor, 82 N.J. 392, 402 (1980)). "The quality of counsel's performance cannot be fairly assessed by focusing on a handful of issues while ignoring the totality of counsel's performance in the context of the State's evidence of defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006). "As a general rule, strategic miscalculations or trial mistakes are insufficient to warrant reversal 'except in those rare instances where they are of such magnitude as to thwart the fundamental guarantee of [a] fair trial.'" Id. at 314-15 (quoting State v. Buonadonna, 122 N.J. 22, 42 (1991)). "[A]n otherwise valid conviction will not be overturned merely because the defendant is dissatisfied with his or her counsel's exercise of judgment during the trial." State v. Allegro, 193 N.J. 352, 367 (2008) (quoting Castagna, supra, 187 N.J. at 314).

Both PCR counsel, who submitted a brief, and defendant, via a pro se brief and an undated letter to the PCR court, set forth a wide variety of claims of ineffective assistance of trial and appellate counsel, as well as various alleged errors committed by the trial court. Defendant claimed he was given constitutionally

ineffective assistance of trial counsel because his lawyer failed to: 1) communicate the State's plea offer; 2) present key witnesses on behalf of defendant or adequately cross-examine the State's witnesses; 3) object to the absence of a Bible when the witnesses testified; and 4) request a mistrial after the first day of deliberations when the jury advised that it was "deadlocked."

Defendant claimed his appellate attorney was ineffective by failing to raise the following appellate issues: 1) the trial court allowed the State, over objection, to mischaracterize the evidence and introduce personal expression or beliefs; 2) the trial court should have charged the jury on the lesser included offense of attempted robbery; 3) the trial court should have permitted into evidence the entire transcript of the 911 call; 4) the trial court should have dismissed the indictment because it was based on perjured testimony; and 5) the trial court should have dismissed the conspiracy count because the State did not present evidence of an overt act.

Defendant repeated his claims of trial error in his undated letter to the PCR court. PCR counsel argued to the PCR court that the trial judge erred in: 1) having improper ex parte contact with the jury post-verdict; 2) denying defendant a fair trial based on two jurors failing to disclose their pre-trial knowledge of defendant and details of the case; 3) providing erroneous jury

instructions, and 4) failing to provide proper curative instructions.

Defendant argues before us on appeal that he was entitled to an evidentiary hearing regarding these same issues. Judge Sandson reviewed the issues raised in detail and discussed why no issue raised a prima facie showing meriting an evidentiary hearing. "If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief . . . or that the defendant's allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing . . . then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997).

The PCR judge, who was furnished with the entire trial transcript, reviewed in detail the most significant issues raised and we affirm on the basis of his thorough decision. With regard to the issues raised by defendant not addressed with specificity by the PCR judge, none had sufficient merit to require discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION